# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WINSTON WELSH,** : | No. **1:08-CV-0541** |
| Petitioner : | |
| : | JUDGE SYLVIA H. RAMBO |
| v. : | |
| **MICHAEL MUKASEY**, Attorney : | |
| General of the United States, : | |
| **MICHAEL CHERTOFF**, Secretary : | |
| of the Department of Homeland : | |
| Security, **JULIE L. MYERS**, : | |
| Assistant Secretary, United States : | |
| Immigration and Customs : | |
| Enforcement, and **OFFICER IN** : | |
| **CHARGE**, Willacy County : | |
| Processing Center, : | |
| Respondents : | |

## M E M O R A N D U M  &  O R D E R

On March 24, 2008, Winston Welsh filed a petition for habeas corpus under 28 U.S.C. § 2241 seeking a declaration that his removal from immigration detention at the York County Prison in York, Pennsylvania, to the Willacy County Processing Center in Raymondville, Texas, was illegal. (Doc. 1; *see* Doc. 5.) The basis for his petition is his assertion that venue and jurisdiction in his immigration proceeding were established in York and therefore he should not have been moved. The government has properly raised the threshold concerns that Welsh's immediate custodian is not subject to jurisdiction in the Middle District of Pennsylvania and this District is not the proper venue for the instant petition.

The governing statute provides that district court may grant a writ of habeas corpus within its jurisdiction. § 2241(a). A habeas petition is within a court's jurisdiction when the court has jurisdiction over the petitioner's immediate custodian. *Padilla v. Rumsfeld*, 542 U.S. 426, 442, 446 (2004); *Braden v. 30th*

*Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973).  Here, Welsh's immediate custodian is the warden of the facility in which he is detained; at the time of filing, that facility was the Willacy County Processing Center.  There is no suggestion that Welsh's immediate custodian is subject to jurisdiction in the Middle District of Pennsylvania.  Accordingly, the instant petition is not properly before this court and will be dismissed.  *See Padilla*, 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *accord Yi v. Maugans*, 24 F.3d 500, 507 (1994) (Petition must be addressed to the warden because "it is the warden that has day-to-day control over the prisoner and who can produce the actual body" of the person detained.).

In light of the foregoing, **IT IS HEREBY ORDERED THAT** the petition for habeas corpus filed by Winston Welsh (Doc. 1) is **DISMISSED**.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  May 6, 2008.